**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

ANTONIO S. SENA

    Plaintiff,

v.

CC COMMUNITIES COLORADO, LLC, d/b/a CENTURY COMMUNITIES

    Defendant.

## COMPLAINT

Plaintiff Antonio S. Sena ("Sena"), states as follows:

### I. JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b).

2. Venue is proper in this Court because the employment practices alleged below were committed within the District of Colorado.

### II. PARTIES

3. Sena is a citizen of the United States and a resident of the State of Colorado.

4. Defendant ("CC") is a Colorado LLC engaged in the business of real estate development.

### III. GENERAL ALLEGATIONS

5. Sena brings this action to recover unpaid overtime, liquidated damages, attorney's fees, and costs under the provisions of 29 U.S.C. § 216(b) and unpaid compensation which was due and owing at the time of his separation from employment, a penalty equal to

50% of the amount owed, costs, interest and attorney's fees pursuant to C.R.S. § 8-4-101 *et seq.*

6. Sena began employment with CC as a Superintendent in September of 2007. During the period of time beginning three (3) years prior to the date of his separation from employment, Sena was compensated on a salaried basis.

7. Sena's duties consisted of scheduling, problem-solving, budgeting, storm/wastewater matters and maintenance of safety standards.

8. Sena was required to work ten (10) hours per day as well as weekends/holidays if needed. He was also required to attend meetings outside normal work hours.

9. Based upon the job requirements noted above, Sena worked in excess of 40 hours almost every week of his employment.

10. CC has refused to compensate Sena for hours worked in excess of 40 per week and failed to compensate him at a rate not less than one and one-half times the regular rate at which Sena was employed.

11. Sena sustained an on the job injury on April 30, 2010 to his knee and filed for workers' compensation. He returned to work on crutches on or about May 10, 2010. He underwent exploratory surgery for the knee on October 7, 2010 and, on November 2, 2010, again returned to work.

12. CC knew that Sena had required medical leave because of his on the job injury.

13. Sena complained about overtime and nonpayment of bonuses to Kenneth Rabel on January 14, 2011. Sena was terminated approximately five (5) hours later by Kenneth Rabel, CC's Executive VP of Operations and Sena's direct supervisor.

## IV. FIRST CAUSE OF ACTION
### (VIOLATION OF THE FAIR LABOR STANDARDS ACT)

14. Sena incorporates his prior allegations herein.

15. During his employment with CC, Sena was required to work in excess of 40 hours per week.

16. Despite working in excess of 40 hours per week, CC did not compensate Sena at one and one-half his normal rate of pay in violation of 29 U.S.C. § 207.

17. CC's actions were done without good faith and without any reasonable grounds for believing that its actions were not in violation of the FLSA.

18. CC's failure to compensate Sena for overtime worked was done with reckless disregard for the matter of whether its conduct was prohibited by the FLSA, entitling Sena to overtime compensation for the three years prior to the filing of this action.

19. Sena sustained damages as a result thereof.

## V. SECOND CAUSE OF ACTION
### (DISCHARGE IN VIOLATION OF PUBLIC POLICY)

20. Sena incorporates his prior allegations herein.

21. Sena's termination was attributable to his having filed a claim for workers' compensation and constitutes a discharge in violation of public policy.

22. Sena's termination was also attributable to his complaining about his compensation, namely, failure to pay overtime and bonuses. This also constitutes a discharge in violation of public policy.

23. Sena sustained damages as a result thereof.

**WHEREFORE**, Sena requests that judgment be entered on his behalf and against CC on his claim for violation of the (a) Fair Labor Standards Act in an amount to fairly compensate him for all hours worked in excess of 40 per week, calculated at the rate of one and one half times his hourly rate; for liquidated damages in an amount equal to the overtime compensation to which Sena is entitled; pre and post-judgment interest as allowed by law, costs, and reasonable attorney's fees; and, on his claim (b) discharge in violation of public policy, for economic and noneconomic damages, interest, costs and for such further relief as the Court deems proper.

PLAINTIFF DEMANDS A TRIAL BY JURY

**DATED** this 5th day of April, 2011.

| SCOTT F. REESE, P.C. | ELWYN F. SCHAEFER, P.C. |
|---|---|
| _s/ Scott F. Reese_____ | _s/ Elwyn F. Schaefer_____ |
| Scott F. Reese | Elwyn F. Schaefer |
| 795 W. Birch Ct., Suite 100 | Sara A. Green |
| Louisville, CO 80027 | 1801 Broadway, Suite 550 |
| (303) 665-4448 | Denver, CO 80202 |
| Attorney for Plaintiff | 303-825-1961 |
|  | Attorneys for Plaintiff |

Plaintiff's address:
13596 Garfield Way
Thornton, CO 80241