UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00894-MSK

ANTONIO S. SENA

    Plaintiff

v.

CC COMMUNITIES COLORADO, LLC, d/b/a CENTURY COMMUNITIES

    Defendant.

---

## UNOPPOSED MOTION TO COMPEL ARBITRATION

---

Defendant CC Communities, LLC, d/b/a Century Communities ("Century"), pursuant to F.R.C.P. 12(b)(1) and 9 U.S.C. §§ 2-4, through its counsel, Christopher J. Dawes and Dominic Rivers of Lottner Rubin Fishman Brown + Saul, P.C., moves this Court for an Order compelling arbitration as follows:

> **Certificate of Compliance**
>
> Pursuant to D.C.Colo.L.Civ.R. 7.1(a), undersigned counsel has conferred with counsel for Plaintiff, Elwyn Schaefer, regarding the relief requested by this Motion. Plaintiff's counsel has advised there is no opposition to arbitration of this matter. While the arbitration provisions detailed below provide for arbitration through the American Arbitration Association, the parties are considering potential alternative arbitration providers.

### INTRODUCTION

1.     Plaintiff, Antonio S. Sena ("Plaintiff"), filed this action despite expressly agreeing to arbitrate the claims asserted in this action. In this action, filed on April 6, 2011, Plaintiff, a former employee of Century, has brought claims against Century for: (1) alleged violations of the Fair Labor Standards Act claiming unpaid overtime; and (2)

discharge in violation of public policy based on the allegation that he was terminated for having made a workers compensation claim. Century vigorously contests those assertions.

2. Plaintiff was hired by Century in September 2007, at which time Plaintiff signed an Arbitration Agreement (attached as **Exhibit 1**) which called for mandatory arbitration. Specifically, the Arbitration Agreement provides, in pertinent part, as follows:

> 1. **Arbitration of Disputes**. Any claim or controversy of whatever nature arising out of or relating to the Applicant's application for employment, course of employment, or discontinuation of employment shall be resolved by final and binding arbitration. The claims and controversies included within the scope of this provision include, but are not limited to, the following:
>
> (a) tort and contract claims;
>
> (b) claims based upon any federal statute, including Title VII, the Fair Labor Standards Act, and the Age Discrimination in Employment Act;
>
> (c) any state or local statute, law, order, ordinance or regulations, including the Fair Employment and Housing Act as applicable;
>
> (d) any claims arising out of any relationship before, during the term of, or after the termination of Applicant's employment, including claims of wrongful termination and employment discrimination; and
>
> (e) the issue of arbitrability.
>
> The final and binding arbitration shall be administered by American Arbitration Association (the "AAA") under its rules of employment arbitration and procedure then in effect and in accordance with the Federal Arbitration Act. The parties shall be allowed adequate discovery sufficient to adequately arbitrate the claims and consistent with applicable law. The arbitrator shall issue a written arbitration decision stating the essential findings and conclusions on which the award is based.

3. Pursuant to F.R.C.P. 12(b)(1) and the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* ("FAA"), this Court lacks subject matter jurisdiction over this action because the parties agreed to arbitrate this dispute.

4. To be enforceable under the FAA, an arbitration clause must be contained in "an agreement in writing." 9 U.S.C. § 2; *Phox v. Atriums Mgmt. Co., Inc.*, 230 F. Supp. 2d 1279, 1282 (D. Kan. 2002). The arbitration clause in question here is in an agreement in writing.

5. The FAA provides that:

> [a] written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

6. The Tenth Circuit has recognized that "[t]he FAA manifests a liberal federal policy favoring arbitration." *See, e.g., Image Software, Inc. v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 1055 (10th Cir.2006) (internal citations omitted). "Absent some ambiguity in the [arbitration] agreement, ... it is the language of the contract that defines the scope of disputes subject to arbitration." *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002). The FAA places arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms. *Rent-A-Ctr., W., Inc. v. Jackson*, 130 S. Ct. 2772, 2776, 177 L. Ed. 2d 403 (2010)(citations omitted).

7. Courts must resolve any doubts concerning the scope of arbitrable issues in favor of arbitration. *Axis Venture Group, LLC v. 1111 Tower, LLC*, No. 09-CV-01636PABKMT, 2010 WL 1278306 at *10. (D. Colo. Mar. 30, 2010) (citations omitted). *See also Olathe Senior Apartments, LP v. Ace Fire Underwriters Ins. Co.*, No. CIV.A. 04-2346-CM, 2005 WL 2416005 (D. Kan. Sept. 30, 2005) (citing *Moses H. Cone Mem'l. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765

(1983)) ("[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.")

8. The FAA provides that:

> [i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

9. The FAA permits a party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement" to file a petition to compel arbitration in federal district court. 9 U.S.C. § 4; *Global Client Solutions, LLC v. Fluid Trade, Inc.*, No. 10-CV-0123-CVE-TLW, 2010 WL 2690373 (N.D. Okla. July 1, 2010). *See also Willingham v. Omaha Woodmen Life Ins. Soc.*, No. CIV.A. 09-CV-00090MS, 2009 WL 2588754 (D. Colo. Aug. 19, 2009) (staying further proceedings pending arbitration).

10. Notably, included among the issues to be arbitrated is the "issue of arbitrability." Such a provision is expressly enforceable. *Rent-A-Ctr., W., Inc. v. Jackson*, 130 S. Ct. 2772, 177 L. Ed. 2d 403 (2010)(provision of employment agreement which delegated to an arbitrator exclusive authority to resolve any dispute relating to the agreement's enforceability was a valid delegation under the FAA).

11. In this case, the Arbitration Agreement plainly and unambiguously requires mandatory arbitration.

WHEREFORE, Defendant CC Communities, LLC, d/b/a Century Communities, respectfully requests that the Court dismiss this action and enter an Order compelling the parties to proceed to arbitration of the matters set forth in Plaintiff's Complaint.

Dated: June 7, 2011.

Respectfully submitted,

LOTTNER RUBIN FISHMAN BROWN + SAUL, P.C.

By: _____
Christopher J. Dawes, #33818
Dominic H. Rivers, #40127
633 Seventeenth Street, Suite 2700
Denver, CO 80202
(303) 292-1200
*Attorneys for Defendant CC Communities, LLC, d/b/a Century Communities*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 7, 2011, a true and correct copy of the foregoing **UNOPPOSED MOTION TO COMPEL ARBITRATION** was served via File and Serve on the following:

Scott F. Reese, Esq.
Scott F. Reese, P.C.
795 W. Birch Court, Suite 100
Louisville, CO 80027
***Attorney for Plaintiff***

Elwyn F. Schaefer, Esq.
Sara A. Green, Esq.
Elwyn F. Schaefer, P.C.
1801 Broadway, Suite 550
Denver, CO 80202
***Attorneys for Plaintiff***

_____